UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOM ERIC GIBSON,

     Petitioner,                       Case No. 2:23-cv-11293
                                     Honorable Jonathan J.C. Grey

v.

MACOMB COUNTY PROSECUTOR/ EMIL SEMAAN,

     Respondents.

_____/

**OPINION AND ORDER GRANTING THE MOTION TO
WITHDRAW THE NOTICE OF APPEAL (ECF No. 5) AND
DISMISSING THE CASE WITHOUT PREJUDICE**

Petitioner Malcom Eric Gibson, confined at the Bellamy Creek
Correctional Facility in Ionia, Michigan, filed a "Motion For Extension of
Time to File a Notice of Appeal" with this Court. (ECF No. 1.)  The case
was docketed as a petition for a writ of habeas corpus.[1]  Petitioner has
now filed a motion to withdraw the notice of appeal (ECF No. 5), which
the Court has construed as a motion to voluntarily dismiss the petition
for a writ of habeas corpus. For the reasons that follow, the Court allows

---

[1] Petitioner did not indicate what conviction he challenged, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court may take judicial notice, s*ee Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in the Macomb County Circuit Court of First-Degree Murder and Possession of a Firearm in the Commission of a Felony. https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=844297.  The OTIS entry lists petitioner's name as Eric Malcolm Gibson, but that entry has the same inmate number that petitioner listed in his pleadings.

1

petitioner to voluntarily withdraw his habeas petition and DISMISSES the petition for a writ of habeas corpus without prejudice.

Pursuant to Rule 41, after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss a suit "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir.1993). A decision to grant or deny a voluntary dismissal to a plaintiff is committed to the sound discretion of the district court. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir.1988)). Rule 41(a) applies to habeas corpus proceedings. *See Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir.1996); *Doster v. Jones*, 60 F.Supp.2d 1258, 1259 (M.D.Ala.1999) (citing cases). *See also* Rule 11, Rules Governing Section 2254 Cases in

the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

In determining whether a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F.3d 1407, 1409 (10th Cir. 1993); *see also Cook v. New York State Div. Of Parole,* 321 F.3d 274, 282 (2d Cir. 2003) (after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be allowed opportunity to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds).

Petitioner appears to argue in his motion to withdraw that the Clerk of the Court erred in re-characterizing his original pleadings as a petition for a writ of habeas corpus.

3

The Clerk of the Court did not err in construing the pleading as a habeas petition. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner appears to be challenging his incarceration; thus, the Clerk of the Court did not err in filing this pleading as a petition for a writ of habeas corpus.

Petitioner is correct, however, that before a district court re-characterizes a pleading as a petition brought under 28 U.S.C. § 2254, it must give notice to the petitioner of its intention to convert the petition into one brought under § 2254 and give the petitioner the option of withdrawing the petition. *See Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004) (citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002)). The re-characterization of a pleading as a § 2254 petition without prior notice to the petitioner may bar him from asserting a habeas challenge to his state sentence at a later date, due to the limitations on the filing of second or successive habeas petitions that is contained in 28 U.S.C.§ 2244(b). *Id.*

4

In light of the foregoing, because petitioner was not given notice of the intent to re-characterize the pleading as a petition brought under § 2254 nor given the option to voluntarily withdraw his petition without prejudice, s*ee Cook*, 321 F.3d at 282, and because petitioner argues that he did not intend to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court finds the proper remedy is to enter an order dismissing the petition without prejudice.

The Court is well aware that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *See Felder v. McVicar,* 113 F.3d 696, 698 (7th Cir. 1997). Unlike the habeas petitioner in *Felder,* petitioner filed his motion to withdraw his habeas petition prior to any decision being rendered by the Court. There is no indication that petitioner's motion to withdraw was filed in bad faith. Accordingly, the Court will permit petitioner to withdraw his petition for a writ of habeas corpus.

Petitioner's voluntary dismissal of his habeas action will completely terminate the litigation in this case. *See Long v. Board of Pardons and*

*Paroles of Texas,* 725 F.2d 306, 306 (5th Cir. 1984). Since petitioner seeks to withdraw his habeas petition pursuant to Fed. R. Civ. P. 41(a)(2), the dismissal will be without prejudice. *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1980).

## ORDER

Accordingly, the motion to withdraw the petition for a writ of habeas corpus (ECF No. 5) is **GRANTED**.

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

s/Jonathan J.C. Grey
JONATHAN J.C. GREY
August 29, 2023              United States District Judge

6

<u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2023.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager

7